23-7215
Jieng v. Bondi

BIA
A077 293 578

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
>> *Circuit Judges.*

_____

YI TIEN JIENG,
> *Petitioner,*

v.                                                    23-7215
                                                      NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Jason Jia, Jia Law Group, P.C., New York, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Yi Tien Jieng, a native and citizen of the People's Republic of China, seeks review of a September 7, 2023, decision of the BIA denying his motion to reopen his asylum-only proceedings to apply for cancellation of removal. *In re Yi Tien Jieng*, No. A 077 293 578 (B.I.A. Sept. 7, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction to review final orders in asylum-only proceedings. *See Kanacevic v. INS*, 448 F.3d 129, 133–35 (2d Cir. 2006) (explaining that a ruling denying asylum in asylum-only proceedings is the "functional equivalent" of a removal order). "We review the denial of a motion to reopen for abuse of discretion." *Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022).

2

Jieng was referred to an immigration judge ("IJ") through a Form I-863 Notice of Referral as a stowaway with a credible fear of returning to China. Under the Immigration and Nationality Act ("INA"), "[a] stowaway may apply for asylum . . . if the stowaway is found to have a credible fear of persecution." 8 U.S.C. § 1225(a)(2). However, that application is limited to the stowaway's asylum claim (and related claims, like withholding of removal): "[i]n no case may a stowaway be considered an applicant for admission or eligible for a hearing under section 1229a of this title." *Id.* Accordingly, by regulation, "[t]he scope of review in [those] proceedings" is limited "to a determination of whether the alien is eligible for asylum or withholding or deferral of removal." 8 C.F.R. § 208.2(c)(3). "During such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to . . . eligibility for any other form of relief." *Id.* As the Supreme Court has observed, cancellation of removal is one form of "discretionary relief" available under the INA. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024).

Because Section 208.2(c)(3) of the Code of Federal Regulations prohibits the applicant from raising "eligibility for *any other form of relief*" in an asylum-only

3

proceeding, Jieng was barred from raising his eligibility for cancellation of removal in his asylum-only proceeding. 8 C.F.R. § 208.2(c)(3) (emphasis added). He offered no other basis for his motion to reopen that proceeding, and it was his "heavy burden" to demonstrate that his newly raised argument would "likely alter the result in his case." *Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). Accordingly, the BIA did not abuse its discretion in denying his motion on the basis that he was "not eligible to apply for cancellation of removal." CAR at 4.

We otherwise lack jurisdiction to review the BIA's "entirely discretionary refusal" to reopen *sua sponte* under 8 C.F.R. § 1003.2(a). *Li Chen*, 43 F.4th at 249 (quotation marks omitted). Although we may remand if "the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *id.* at 253 (quoting *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)), there was no such misperception here because, as set forth above, Jieng was not eligible to apply for cancellation of removal.

As the BIA denied reopening based on that lack of eligibility, we do not reach the BIA's alternative denial of the motion to reopen as untimely or its

4

rejection of Jieng's request for equitable tolling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court